```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
JOANIE WARREN,

                        Plaintiff,            12-CV-06043

              v.                              **DECISION**
                                              **and ORDER**
MICHAEL J. ASTRUE, Commissioner
of Social Security,

                        Defendant.
_____
```

## **INTRODUCTION**

Plaintiff, Joanie Warren ("plaintiff"), brings this action pursuant to §§ 216(i) and 223 of the Social Security Act ("the Act"), seeking review of the decision of the Commissioner of Social Security ("Commissioner"), that the plaintiff is not disabled. Specifically, the plaintiff alleges that the decision of the Administrative Law Judge, Gerardo R. Pico ("the ALJ"), finding that the plaintiff was not disabled within the meaning of the Social Security Act, was not supported by substantial evidence in the record.

Both the plaintiff and the Commissioner move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"). The plaintiff claims that the ALJ's decision is not supported by substantial evidence in the record. The Commissioner, in response, claims that the decision is supported by substantial evidence in the record and should be affirmed. For the reasons set forth below, the plaintiff's motion for judgement on

the pleadings is granted, the Commissioner's motion is denied and the case is remanded for further administrative proceedings.

## BACKGROUND

Plaintiff filed applications for disability insurance benefits and supplemental security income on August 25, and 29, 2009, alleging disability as of December 6, 2008 due to high blood pressure, depression, and wrist and knee problems. These applications were denied and plaintiff requested a hearing before an ALJ, which was held on February 22, 2001. Plaintiff appeared *pro se* at the hearing, but is now represented by counsel. The ALJ issued his decision on February 23, 2011 denying plaintiff's claims. The Appeals Council subsequently denied plaintiff's request for review on December 9, 2011 and plaintiff commenced the present action.

## DISCUSSION

I. **Jurisdiction and Scope of Review**

42 U.S.C. §405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. When considering these cases, this section directs the Court to accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938). The

2

Court's scope of review is limited to whether or not the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner employed the proper legal standards in evaluating the plaintiff's claim.  See Monger v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing Court does not try a benefits case *de novo*).  The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted).

The plaintiff moves for judgement on the pleadings pursuant to Rule 12(c), on the grounds that the ALJ's decision is not supported by substantial evidence in the record and is not in accordance with the applicable legal standards.  In response, the Commissioner claims that the ALJ's decision should be affirmed since it is supported by substantial evidence in the record and its motion for judgment on the pleadings should be granted. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after reviewing the record, the Court is convinced that plaintiff has not set forth a plausible claim for relief, judgment on the pleadings may be appropriate. See generally Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  This Court finds that there was not substantial

3

evidence in the record to support the ALJ's finding that the plaintiff was engaged in substantial gainful activity since January 1, 2005. Therefore, the plaintiff's motion for judgment on the pleadings is granted, the ALJ's decision is remanded for further administrative proceedings, and the Commissioner's motion is denied.

II. **The Commissioner's Decision that the Plaintiff was Engaged in Substantial Gainful Activity Since January 1, 2005 is Not Substantial Evidence in the Record.**

In his decision, the ALJ followed the required five-step analysis for evaluating disability claims. (Transcript of Administrative Proceedings at 18-19) (hereinafter "Tr."). The five-step analysis requires the ALJ to consider the following:

(1) Whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has a severe impairment which significantly limits her physical or mental ability to do basic work activities;

(3) if the claimant suffers a severe impairment, the ALJ considers whether the claimant has an impairment which is listed in Appendix 1, Subpart P, Regulation No. 4, if so, the claimant is presumed disabled;

(4) if not, the ALJ considers whether the impairment prevents the claimant from doing past relevant work;

(5) if the claimant's impairments prevent her from doing past relevant work, if other work exists in significant numbers in the national economy that accommodate the claimant's residual functional capacity and vocational factors, the claimant is not disabled.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v).

Here, the ALJ found that the plaintiff had engaged in substantial gainful activity since January 1, 2005. (Tr. 16) Consequently, the ALJ determined that plaintiff was not disabled as defined by the Act. (Tr. 17).

A. <u>The ALJ Failed to Develop the Record With Respect to Plaintiff's Earnings During the Claimed Period of Disability.</u>

Plaintiff disputes the findings of the ALJ on three grounds. First, plaintiff argues that the ALJ erred by failing to develop the record, and by failing to obtain information regarding plaintiff's employment or any special circumstances surrounding her employment. (Pl. Br. at 1; 8-11). Second, plaintiff contends that the ALJ failed to analyze plaintiff's income under the proper legal standard relating to self-employment. (Pl. Br. at 1; 11-14). Finally, plaintiff contends that the ALJ failed to assess both the plaintiff's credibility and the credibility of her daughter in determining that the plaintiff engaged in substantial gainful activity. (Pl. Br. at 1; 14-16).

The ALJ found that the *pro se* plaintiff had engaged in substantial gainful activity since January 1, 2005. (Tr. 16). To support his finding the ALJ wrote, "[plaintiff's] earnings record shows that she earned $13,502 during 2010, $13,22.41 during 2009, and $14,417 during 2008. Under oath, the [plaintiff] testified that she still works in childcare and still has earning for her services, at approximately the same rate as the previous year." <u>Id</u>.

5

At step one of the sequential analysis, the ALJ must determine whether the claimant is engaging in substantial gainful activity. See 20 CFR §§404.1520(a). Generally, if an individual has earnings from employment or self-employment above a specific level set out in the regulations, it is presumed that she has demonstrated the ability to engage in substantial gainful activity. See generally 20 CFR §§404.1547, 404.1575, 416.974, and 416.975. However, "a claimant who works and earns above ... [the substantial gainful activity income] threshold amount can nonetheless be properly classified as disabled if that claimant performed his or her work under 'special conditions.'" Moran v. Astrue, 569 F.3d 108, 114 (2d Cir. 2009) (citing 20 CFR §§ 404.1573(c), 416.973(c)). Special conditions include opportunities given to claimant despite their impairment as a result of a family relationship. See 20 CFR §§404.1573(c), 416.973(c). Further, if the employment is considered 'self-employment,' regulations dictate specific guidelines for calculating income. See generally 20 CFR §1575. The ALJ has a duty to develop the record with respect to the nature of a claimant's employment. See Sarchese v. Barnhart. No. 01-cv-2172(JG), 2002 U.S. Dist. LEXIS 13700, at *29-30 (E.D.N.Y. 2002); see also Melville v. Apfel, 198 F.3d 45, 54 (2d Cir. 1999. While the above-cited cases both deal with the nature of the claimant's work with respect to the issue of relevancy of past work in step four, the legal principal also applies to a step one analysis regarding substantial

gainful activity. Moreover, where the claimant is appearing *pro se* the ALJ has "a heightened duty to develop the record in order to ensure a fair hearing." Ericksson v. Comm'r of Soc. Sec., 557 F.3d 79, 83 (2d Cir. 2009).

Plaintiff lives with her daughter, her daughter's children, and two other children of plaintiff. (Tr. 216). While taking plaintiff's testimony, the ALJ noted that the record indicated that plaintiff had earned $13,502 in 2010 and $13,22.41 in 2009. (Tr. 26-27). Plaintiff confirmed these earnings. Id. Plaintiff testified that she had worked one day at "Staffton" and the remainder of her earnings came from babysitting her daughter's children. Id. Plaintiff described her babysitting responsibilities as caring for her daughter's children when her daughter goes out or when the children come home from school. (Tr. 27). In return for her childcare, plaintiff testified that her daughter gives her money, buys her 'things,' takes her shopping, and gives her money for the care of her other children. (Tr. 27).

The record contains a Social Security Administration 'ER Wage Request.' (Tr. 86-120). The report, requested on November 24, 2011, indicates that plaintiff had earnings of $13,222.41 in 2009, and $14,417.31 in 2008. (Tr. 87). The ER Wage Request indicates that the majority of this income was from self employment. (Tr. 94-99). The report does not contain information regarding plaintiff's 2010 earnings.

7

The record also contains a 'WORK HISTORY REPORT - Form SSA-3369.' (Tr. 148). In this form, plaintiff indicated that she was involved in childcare from January 2000 to December 2008. Id. Specifically, it indicates plaintiff received $1,000 a month for childcare, which plaintiff described as "watching two children giving them food washing hands giving them game or puzzles just things to do while i (*sic*) had them." (Tr. 149).

This evidence does not constitute substantial evidence such that a reasonable mind might accept it as adequate to support the ALJ's finding that plaintiff engaged in substantial gainful activity. The record does not contain evidence with respect to plaintiff's 2010 earnings. Plaintiff's testimony is inconsistent with her Work History Report. The Work History Report indicates that plaintiff receives a flat rate of $1,000 dollars per month for her services. (Tr. 149). However, plaintiff testified that her compensation is much less formal, sometimes involving money, sometimes involving gifts, and sometimes involving shopping trips. (Tr. 27). This contradictory evidence may indicate either a formal service relationship or merely informal intra-familial support. However, the record was not developed such that one position could be rationally supported over the other. Thus, it is unclear whether there is actual employment in the present circumstance and, if so, whether that employment occurs under special circumstances, such as employment despite impairment resulting from a family relationship.

These ambiguities also make it unclear as to whether the self-employment calculations of 20 CFR §1575 are necessary. Therefore, this Court finds that the ALJ failed to satisfy his heightened duty to develop the record with respect to the *pro se* plaintiff's alleged employment and earnings.

## CONCLUSION

For the reasons set forth above, this Court finds that the Commissioner's decision to deny the Plaintiff benefits was not supported by substantial evidence in the record. Therefore, I grant the plaintiff's motion for judgment on the pleadings. The Commissioner's motion is denied, and the plaintiff's motion is granted, and the case is remanded for further administrative proceedings consistent with this Decision and Order.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        s/Michael A. Telesca
                                        MICHAEL A. TELESCA
                              United States District Judge

Dated:    Rochester, New York
            February 1, 2013